# Exhibit List

| Exhibit | Description |
| --- | --- |
| Exhibit 1 | August 26, 2024 Order in the District Court Granting Administrative Stay Until September 9, 2024 |
| Exhibit 2 | September 4, 2024 Order in the District Court Denying Motion to Vacate and Further Extending Stay Until September 23, 2024 |
| Exhibit 3 | September 11, 2024 Unpublished Order in the District Court Staying the District Court Proceedings and Extending the Administrative Stay |
| Exhibit 4 | October 4, 2024 Case Management Order in the District Court Extending Administrative Stay Until November 8, 2024 |

# Exhibit 1

August 26, 2024 Order in the District Court Granting
Administrative Stay Until September 9, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00306

———

**State of Texas et al.,**
*Plaintiffs,*

v.

**United States Department of Homeland Security et al.,**
*Defendants.*

———

**O R D E R**

In this case, 16 States challenge a final rule recently issued by the Department of Homeland Security that creates a process for granting "parole in place" under the immigration laws to a certain subset of aliens who are unlawfully present in the country. DHS, *Implementation of Keeping Families Together*, 89 Fed. Reg. 67,459 (Aug. 20, 2024). Familiarity with that rule is presumed.

Plaintiffs move for a temporary restraining order, a preliminary injunction, and a stay of the rule's implementation. Doc. 3. Defendants move for jurisdictional discovery, a stay of briefing, and a scheduling order. Doc. 9. Lastly, 12 parties move to intervene as defendants, two of them pseudonymously. Doc. 15. The court now enters (1) temporary, equitable relief for 14 days, renewable for good cause or upon consent, and (2) a case schedule ordering expedited proceedings on preliminary and permanent relief. Defendants' motion for discovery and a case schedule (Doc. 9) is granted to the extent specified here and otherwise denied. Plaintiffs' motion (Doc. 2) to expand page limits is granted to the extent specified below. All other motions remain pending.

**1. Administrative stay of parole issuance under the rule**

Temporary, injunctive relief based significantly on case-administration needs is sometimes called an "administrative stay." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) (distinguishing between a stay pending a court of

appeals' final judgment in a case and a "temporary administrative stay" that reflects a "first-blush judgment about the relative consequences of [blocking agency action, by a stay of an injunction against it] versus allowing it to go into effect"). When considering such a stay in that posture, the traditional four factors governing preliminary relief lasting through final judgment are "obviously on the court's radar" and can thus "influence the stopgap decision, even if they do not control it." *Id.* at 799. But there is no "one-size-fits-all test that courts apply before entering" such an administrative stay. *Id.* Instead, "as a flexible, short-term tool," the remedy is a "prelude to the main event" of a ruling that fully considers the four factors for a injunction lasting through final judgment (essentially the same as the four factors for an injunction in a final judgment, but assessed at a different point in time). *Id. See generally eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (reciting the four-factor, equitable test for a permanent injunction).

The authority for an administrative stay arises from the All Writs Act and a court's inherent authority to manage its docket. *Texas*, 144 S. Ct. at 798 (Barrett, J., concurring) (citing Rachel Bayefsky, *Administrative Stays: Power and Procedure*, 97 Notre Dame L. Rev. 1941, 1942 (2022)). The All Writs Act authorizes federal courts to issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651(a).

It has long been accepted that a court's authority under the All Writs Act includes ordering temporary, injunctive relief to preserve the status quo pending prompt review of an agency's action through existing channels. *FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (citing authority such as *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4 (1942)); *see, e.g.*, *Nat'l Treas. Emps. Union v. King*, 961 F.2d 240, 245 (D.C. Cir. 1992) (ordering a three-month administrative stay after balancing the need for proceedings against the possibility of irreparable loss during lengthy litigation); *Astrazeneca Pharms. LP v. Burwell*, 197 F. Supp. 3d 53, 59

(D.D.C. 2016) (entering a temporary restraint on an agency's release of its decision to "provide a brief window for judicial review while imposing the smallest possible effect on the FDA's usual processes and the rights and expectations of all of the parties to the proceeding").

In that way, an administrative stay has similarities to a temporary restraining order, whose function is to "preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." Charles Alan Wright et al., *Federal Practice and Procedure* § 2951 (3d ed.). Speed of adjudication is obviously of importance to both an administrative stay and a TRO. *Cf. Granny Goose Foods, Inc. v. Teamsters Local No. 70*, 415 U.S. 423, 439 (1974) (noting that, if TROs are issued without notice to the opposing parties, they "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

If a TRO is issued without notice to the opposing party (i.e., ex parte), then Federal Rule of Civil Procedure 65(b) limits the duration of the order to an initial period of 14 days. In contrast, when the opposing party has notice of the motion for a TRO, Rule 65(b) does not apply. But courts often apply the 14-day durational limit as a sound exercise of judicial discretion when the focus is on allowing time to adequately prepare for a hearing. Wright, *supra*, at § 2951.

Here, the court sees fit to issue an administrative stay. As in the *United States v. Texas* stay litigation cited above, the court has undertaken a first-blush review of the merits of plaintiffs' standing and cause of action in light of the evidence submitted with their motion for a TRO and a stay. The claims are substantial and warrant closer consideration than the court has been able to afford to date. That conclusion is particularly based on the need to analyze (1) whether parole "into" the United States, 8 U.S.C. § 1182(d)(5)(A), includes entry by aliens who are already in this country, as opposed to at or beyond the border; and (2) the rule's

possible misapprehension of the legal standard in focusing on significant public benefit from "this process," 89 Fed. Reg. at 67,475 (identifying perceived policy benefits from a new process for gaining LPR status that is less burdensome than the statutory depart-and-apply-abroad process for non-parolees), rather than whether a specific alien's lawful presence in the country would have public, as opposed to private, benefit that is significant. *See generally id.* at 67,475 (stating a goal of the rule's process as "removing a barrier to an immigration benefit" of LPR status, and thus focusing on judgments about Congress's policies rather than how a particular alien's presence in the country achieves significant benefit to the public); *id.* at 67,476 (setting the parole term as three years based simply on allowing enough time to complete other immigration process); *id.* at 67,479 (defining the costs of the rule not to include educational costs borne by the States on the theory that the relevant aliens are already present in the country and attending school, even though the agency's premise for rulemaking is that, without the rule, some of those aliens would depart the country to apply for admission abroad).

The court does not, however, express any ultimate conclusions about the success or likely success of those claims. As with most administrative stays, the court has simply undertaken a screening, "first-blush" review of the claims and what is at stake in the dispute. *Texas*, 144 S. Ct. at 798 (Barrett, J., concurring).

Just as important to the court's analysis is preserving its jurisdiction to enter complete relief for plaintiffs should their lawsuit ultimately prove meritorious, without losing the chance for complete relief by taking the time necessary to fully consider the merits or likely merits of this action. Plaintiffs' theory of harm sounds in costs that they will bear from the continued unlawful presence of aliens, some of whom would depart the country to pursue consular process abroad without the parole-in-place rule. That is a two-step theory of causation: the rule affects a certain subset of aliens, and that subset's action or inaction then imposes cognizable costs on the plaintiff States.

Affording relief on that theory of causation would seem to require negating the parole benefit possible under this rule. And the court does not presently perceive how to practically unwind parole once issued to an alien, given that the grant of that benefit occasions reliance interests such as applications for work authorization and in some cases adjustment of status. Accordingly, preserving the court's ability to grant full relief to plaintiffs (or as full as is practicable at this time) seems to require enjoining the agency from granting parole under the rule's process for a short time, to allow review of plaintiffs' entitlement to at least preliminary injunctive relief controlling through entry of final judgment. The court therefore orders such an administrative stay.

At the same time, the agency's mere acceptance of applications for "parole in place" under the rule and its mere issuance of a form for seeking that benefit do not seem to pose the same practical risks of irreversibility as would the actual grant of parole in place. So this administrative stay does not apply to the agency's creation of a process for *seeking* parole in place under the rule, as opposed to the *granting* of parole in place under the rule.

The burdens to the opposing parties of this temporary, administrative stay do not tip the equities the other way. As noted, aliens will still be able to apply for parole in place under the rule during this short stay. And given that spouses who may seek relief under this rule have, by definition, not left the country during the past ten years, the court perceives a minimal risk that requiring them to wait a short, additional period will cause a departure from the country during this short stay. A similar prediction applies to stepchildren who may be eligible under the rule.

An administrative stay and a temporary restraining order (assuming that they are doctrinally separate) must last only as long as needed to promptly decide on the plaintiff's entitlement to relief controlling through final judgment. In an exercise of its discretion, the court will initially limit this stay to 14 days. That stay may be extended for a like period, however, for good cause or if all

adverse parties consent to a longer extension. *See* Fed. R. Civ. P. 65(b)(2).

The court enters below an expedited schedule for the discovery that defendants seek on standing and for resolving the merits of this action. The discovery schedule proposed by defendants would not conclude until October 23, 2024. Doc. 9 at 3. The court's schedule below is even more expedited. The court thus expects that good cause may exist to extend this administrative stay for additional periods through mid-October and that, indeed, the parties may consent to such an extension. But any such extension will be considered in due course.

**2.  Scheduling order**

The court now enters the following deadlines to control the progression of this case.

**a.**  The Fifth Circuit has directed that any forum disputes should be the "top priority" in handling a case. *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003). Consistent with that guidance, the court sets the following schedule for early presentation of any forum-related matters:

- August 28, 2024—Deadline to file any motions related to venue or forum.

- August 30, 2024—Deadline to respond to any such motion.

- September 2, 2024—Deadline to reply on any such motion.

**b.**  The court sets the following schedule for resolution of the proper parties in this lawsuit:

- August 28, 2024—Deadline for any motions to intervene and motions to proceed pseudonymously. The pending motions need not be re-filed.

- August 30, 2024—Deadline to respond to any such motion.

- September 2, 2024—Deadline to reply on any such motion.

**c.** The court has a duty to establish "early and continuing control so that the case will not be protracted because of lack of management." Fed. R. Civ. P. 16(a)(2). It appears to the court that the merits of plaintiffs' claims present only legal disputes about agency action, making this "an action for review on an administrative record" exempt from initial disclosures. Fed. R. Civ. P. 26(a)(1)(B)(i).

It also appears to the court that, just as initial disclosures are dispensed with, no other discovery is necessarily occasioned by plaintiffs' causes of action because (1) there was no notice-and-comment process that would add to the administrative record materials beyond those in the rulemaking and (2) any data underlying the agency's decision and not appearing in the Federal Register publication of the final rule would be immaterial to plaintiffs' challenges, which turn on the agency's published rationale. *See Sierra Club v. U.S. Fish & Wildlife Serv.*, 245 F.3d 434, 440 n.37 (5th Cir. 2001) (stating that statutory construction is "a task which we are competent to perform without the administrative record").

The court appreciates, however, that defendants seek discovery into factual matters that may bear on plaintiffs' standing. And the court appreciates that, if the pending motion for intervention is granted, the intervenors-defendants may seek to share in that discovery.

The court's impression is that any discovery on factual matters related to standing can reasonably be conducted within a short time if the court opens discovery for 21 days and is available to rule promptly on discovery disputes. The court thus authorizes the parties to begin discovery now pursuant to Federal Rule of Civil Procedure 26(d)(1). The court limits the notice and response periods for discovery under Federal Rules of Civil Procedure 27–36 from 21 and 30 days to 5 calendar days. The parties

are ordered to immediately confer on discovery and reach all necessary agreements to complete discovery by September 16, 2024.

The deadline to complete service of process or file a waiver of service of process under Federal Rule of Civil Procedure 4 is September 6, 2024. Parties are reminded of the background duty to avoid the unnecessary expenses of serving the summons. *See* Fed. R. Civ. P. 4(d). Under Federal Rule of Civil Procedure 12(a)(1), any answer by defendants or intervenors-defendants is due by September 9, 2024.

The court also believes that this is an appropriate case to "advance the trial on the merits and consolidate it with the hearing" on the motion for a preliminary injunction, under timing that does not unduly delay resolution of the request for injunctive relief. Fed. R. Civ. P. 65(a)(2). The court has used that procedure in prior litigation. And both Texas and the federal government have elsewhere expressed their openness to that procedure in litigation in a similar posture. *See* Tr. of Feb. 21, 2023 Mot. Hr'g (Doc. 69) at 6–7, *Texas v. DHS*, No. 6:23-cv-00007 (S.D. Tex.). The court therefore gives notice of that consolidation. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The administrative record shall be prepared and served by September 9, 2024.

Because summary judgment is very often "the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review," *Cottage Health Sys. v. Sebelius*, 631 F. Supp. 2d 80, 90 (D.D.C. 2009), the court gives notice under Federal Rule of Civil Procedure 56(f)(3) that it will consider summary judgment granting permanent relief (whether a declaration, an injunction, an order setting aside the rule, or relief in defendants' favor) on the same schedule as it considers plaintiffs' motion for a preliminary injunction. Plaintiffs' motion for leave to file excess pages (Doc. 2) is granted, and plaintiffs are also allowed until September 17, 2024, to supplement and replace their pending motion for a preliminary injunction (Doc. 3) with additional briefing and attachments pertinent to summary judgment, including any

"parts of [the administrative record] cited by" plaintiffs in support of judgment in their favor. 5 U.S.C. § 706. Any such supplemented motion shall address both preliminary relief and permanent relief (on summary judgment or at a bench trial) and shall not exceed 60 pages, exclusive of any parts of the administrative record relied on and of any other attachments. Both parties are excused from Local Rule CV-56(a)'s statements.

Defendants are allowed until September 26, 2024, to file briefing on plaintiffs' request for preliminary relief and a motion and responsive briefing on summary judgment in favor of either party. Any such motion and briefing seeking or opposing preliminary or permanent relief must be filed in a single document also not to exceed 60 pages, exclusive of any parts of the administrative record relied on and of any other attachments. All parties represented by the same counsel may not file more than one such document.

Plaintiffs are then allowed until October 3, 2024, to respond and reply on those matters, in a single document not to exceed 30 pages. And defendants are allowed until October 10, 2024, to file any reply in support of summary judgment in their favor, which also must not exceed 30 pages. All parties represented by the same counsel may not file more than one such document.

The court will set an expedited hearing on preliminary relief and summary judgment, and if necessary a consolidated bench trial, on a date as soon as possible after completion of that briefing. That should allow for prompt, efficient resolution of the case before any significant burden from the administrative stay. This order may be modified on any party's motion for good cause that accounts for any consent to extend the administrative stay.

*So ordered by the court on August 26, 2024.*

J. CAMPBELL BARKER
United States District Judge

# Exhibit 2

September 4, 2024 Order in the District Court Denying Motion to Vacate and Further Extending Stay Until September 23, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00306

———

**State of Texas et al.,**
*Plaintiffs,*

v.

**United States Department of Homeland Security et al.,**
*Defendants.*

———

# ORDER

In this case, 16 States challenge a rule issued by the Department of Homeland Security that creates a process allowing foreign nationals to obtain "parole in place" under the immigration laws if they are unlawfully present in this country and are qualifying spouses or stepchildren of U.S. citizens. Implementation of Keeping Families Together, 89 Fed. Reg. 67,459 (Aug. 20, 2024) ("KFT Rule").

To be eligible for parole under the KFT Rule, foreign nationals must (1) be unlawfully present in this country without admission or parole; (2) have a valid marriage to a U.S. citizen dating to on or before June 17, 2024, or have a parent who entered into such a marriage before the applicant's 18th birthday; (3) have been continuously present in this country either since June 17, 2014, in the case of a spouse of a U.S. citizen (i.e., for more than ten years), or since June 17, 2024, and have been unmarried and under the age of 21 as of that date, in the case of a stepchild of a U.S. citizen; (4) have no disqualifying criminal history; and (5) submit biometrics and pass national-security and public-safety vetting. *Id.* at 67,469–70.

Receiving "parole in place" under the KFT Rule "enabl[es] paroled noncitizens to work lawfully in the United States." *Id.* at 67,462. And it "remove[s] a barrier to an immigration benefit" by making the foreign national "able to immediately apply for LPR status"—commonly called a green card—"without needing to

wait for an immigrant visa" that generally requires departing from this country, applying at a U.S. consulate abroad, and waiting a statutorily prescribed time period calculated based on the foreign national's length of unlawful presence in the United States. *Id.* at 67,475; *accord id.* at 67,460 & n.10 (describing the depart-and-wait-abroad process). Departing from this country for those statutory waiting periods can impede family unity; avoiding that requirement for a green card is thus a purpose of the rule. *Id.* at 67,460. Familiarity with the rule's details is presumed.

Plaintiffs moved for a temporary restraining order, a preliminary injunction, and a stay of the rule's implementation. Doc. 3. Defendants appeared in the case and proposed a scheduling order with dates for jurisdictional discovery and, contingently, dates for the filing of an administrative record and responsive briefing on the merits of injunctive relief. Doc. 9 at 11–14. The court issued a scheduling order that both allows early discovery and sets deadlines for the administrative record and for accelerated briefing on preliminary and permanent injunctive relief. Doc. 27 at 6–9.

The court also ordered "temporary, injunctive relief to preserve the status quo pending prompt review of [the] agency's action" by staying the issuance of parole under the rule, but not the agency's acceptance and review of applications for that benefit. *Id.* at 2, 5; *see* 5 U.S.C. § 705 (authorizing "the reviewing court" to issue "appropriate process" to "preserve status or rights" during judicial review by preventing irreparable injury); *Scripps-Howard Radio v. FCC*, 316 U.S. 4, 10 & n.4 (1942) (recognizing the traditional "power in a reviewing court to stay the enforcement of an administrative order," as "judicial review would be an idle ceremony if the situation were irreparably changed before the correction could be made") (citing the All Writs Act); *Sampson v. Murray*, 415 U.S. 61, 68 n.15 (1974) (stating that 5 U.S.C. § 705 was primarily intended to reflect existing law under *Scripps-Howard*).

Consistent with Federal Rule of Civil Procedure 65(d)(1), the court stated the acts prohibited by the order (the issuance of parole under the rule), the specific term of the order (limited to 14

days, set with reference to Rule 65(b)(2) even though the order
was issued after defendants appeared and not ex parte), and the
reasons why the order issued (the court's first-blush review of the
merits weighed in light of the relative balance of the short-term
equities). *Id.* at 3–5.

Defendants now move for the court to lift its order temporarily
staying and enjoining issuance of parole under the rule. Doc. 47.
That filing also opposes plaintiffs' pending motion for further in-
junctive relief. *Id.*; *see* Doc. 3. The court's temporary, injunctive
order expires at the end of September 9, 2024. Doc. 27 at 5.

### Discussion

Resolution of a motion for a TRO is committed to the equita-
ble discretion of the court and rests on considerations of irrepara-
ble injury to the plaintiff without a TRO, the burden to the de-
fendant of a TRO, the public interest, and the probability of plain-
tiff's ultimate success. *Canal Auth. of Fla. v. Callaway*, 489 F.2d
567, 572 (5th Cir. 1974). The substantiality of the likelihood of
success required for a TRO "varies with the relative balance of
threatened hardships facing each of the parties." *Id.* at 576. If the
plaintiff will be more prejudiced by the denial of a TRO than
would the defendant by its grant, that "does not remove the need
to show some probability of winning on the merits" but "does
lower the standard that must be met." *Id. See generally* Charles
Alan Wright et al., *Federal Practice & Procedure* § 2951 (3d ed.)
("The necessary persuasiveness of this showing varies, however,
and often may depend upon the facts in a particular case.")

That circuit precedent is consistent with longstanding Supreme
Court precedent holding that, when the equities support preserv-
ing the status quo for a short period when judicial review begins,
granting a temporary injunction of agency action requires only find-
ing that plaintiff's claim presents "a serious question." *Virginian
Ry. Co. v. United States*, 272 U.S. 658 (1926). There, the Supreme
Court held that, when an application for a stay of agency action
pending judicial review "seems to present to the court a serious
question, the fact that irreparable injury may otherwise result to

the plaintiff may, as an exercise of discretion, alone justify grant-
ing the temporary stay until there is an opportunity for adequate
consideration of the matters involved." *Id.* at 673.

Thus, as the Fifth Circuit has explained, if the potential merits
of the case and the balance of the equities support a temporary
restraint, a court may freeze the status quo even if "[i]t is not at
all clear that the court . . . [will] grant[] a preliminary injunction."
*Connell v. Dulien Steel Prods., Inc.*, 240 F.2d 414, 418 (5th Cir.
1957) ("Orderly procedure requires that the trial court be given
the opportunity of passing on these legal matters at the time of
the hearing of the motion for preliminary injunction."). Or, as this
court explained in its prior order, a temporary stay or restraining
order does not require determining—without the opportunity for
legal and factual development at a prompt hearing on a prelimi-
nary injunction—that a final judgment in plaintiff's favor is more
likely than not. Doc. 27; *Virginian Ry.*, 272 U.S. at 673; *Canal
Auth.*, 489 F.2d at 572; *Connell*, 240 F.2d at 418; Wright, *supra*, at
§ 2951. Defendants' only suggestion to the contrary relies on *Win-
ter v. NRDC*, 555 U.S. 7 (2008), but that decision concerned only
a preliminary injunction and did not discuss a § 705 stay or tem-
porary restraining order, much less overrule *Virginian Railway*.

Under those standards, it was and remains proper to tempo-
rarily stay parole issuance under the challenged rule until an ex-
pedited hearing on the motion for a preliminary injunction. The
court does not calculate any particular numerical likelihood of
plaintiffs' claims ultimately prevailing after development of the
legal and factual arguments. But plaintiffs' claims are serious and
substantial enough to justify considering the irreparable harm
and burdens of either withholding or imposing a temporary stay. Doc.
27 at 3–4. Defendants' motion to lift the temporary injunction
shows that defendants, too, have serious and substantial argu-
ments warranting close attention. The court had already consid-
ered many of the authorities cited in defendants' motion because
they were cited in the rule itself, and the court will continue to
proceed on an expedited basis. But that motion does not

- 4 -

significantly change the court's conclusion about the equities bearing on the need to preserve the status quo ante for a short period.

As to those equities, for the reasons noted in the court's prior order, an unlawful grant of parole strikes the court as very difficult to unwind after the fact given the immediate incurring of reliance interests after parole is granted. *See* Doc. 27 at 5. It is that grant of parole that underlies plaintiffs' claimed injury from the continued presence of foreign nationals not authorized to be in the country. Indeed, the rule itself appears to accept that at least some of those foreign nationals would depart the country without parole—causing the lack of family unity that the rule expressly intends to alleviate.

Conversely, the burden to the government of a relatively short restraint on issuing parole under the rule appears much smaller. Applications for parole under the rule can, with minimal administrative disruption, be processed as usual and simply held for approval, which can then proceed if the government prevails after the upcoming hearing on the facts and the law. And, as noted, given that spouses eligible for relief under the rule must have been continuously physically present in this country without admission or parole for ten years, a further restraint on parole issuance for a period of time (a few weeks) that is much shorter than the potential three- or ten-year periods of waiting abroad required for a green card does not strike the court as likely to materially change foreign nationals' decisions regarding remaining in this country. *See id.*

Given the alignment of the equities at this point, plaintiffs' likelihood of success on the merits is substantial enough to justify a § 705 stay and temporary restraining order limiting parole issuance under the rule, as opposed to the receipt and review of applications for that parole. As before, the court does not express any opinion on whether plaintiffs are more likely than not to prevail in a final judgment. Doc. 27 at 4.

For those reasons, defendants' motion to lift the court's order imposing a 14-day, temporary stay and injunction (Doc. 47) is denied. To be clear, defendants and their officers, agents, servants, and employees are temporarily restrained and enjoined from issuing parole under the challenged rule, *see* 89 Fed. Reg. 67,459, but not from receiving and reviewing applications for that relief under the rule.

The rigor of defendants' recent 60-page filing, however, does convince the court that a hearing on the facts and the law can be scheduled on an even more accelerated schedule than previously anticipated, which the court sets below. The court also extends its temporary stay and restraining order for an additional 14-day period, such that it expires at the end of September 23, 2024.

The court's scheduling order, Doc. 27 at 6–9, is modified in the following particulars:

- Early discovery shall be completed by September 11, 2024, and the notice and response periods are shortened to 3 calendar days.

- The deadline for an omnibus motion for any preliminary relief or for permanent relief in either side's favor (on summary judgment or at a bench trial) is September 13, 2024. Pursuant to the court's prior order, plaintiffs' omnibus motion will replace their pending motion for a preliminary injunction. Each side's omnibus motion must not exceed 60 pages, exclusive of attachments. All parties represented by the same counsel may not file more than one such motion.

- The deadline for each side's response to the other side's omnibus motion is September 16, 2023. Each side's response shall not exceed 60 pages, exclusive of attachments. All parties represented by the same counsel may not file more than one such response.

- The parties are excused from filing reply briefs in support of their motions and may instead raise matters in reply at the motion hearing.

- The consolidated hearing on the omnibus motions and, if necessary, bench trial to resolve factual issues is scheduled for September 18, 2024, at 9:00 a.m. in Tyler, Texas. The parties are ordered to confer and agree on a process for exchanging any exhibit and witness lists.

### Conclusion

Plaintiffs' motion for injunctive relief before final judgment (Doc. 3) is granted to the extent of the temporary restraining order and stay described above and otherwise remains pending. Defendants' motion to lift the court's temporary, injunctive relief (Doc. 47) is denied. The court's scheduling order (Doc. 27 at 6–9) is modified to the extent specified above.

*So ordered by the court on September 4, 2024.*

J. CAMPBELL BARKER
United States District Judge

# Exhibit 3

September 11, 2024 Unpublished Order in the District Court Staying the District Court Proceedings and Extending the Administrative Stay

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

September 11, 2024

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 24-40571   State of Texas v. DHS
               USDC No. 6:24-CV-306

Enclosed is an order entered in this case.

               Sincerely,

               LYLE W. CAYCE, Clerk

               By: _____
               Melissa V. Mattingly, Deputy Clerk
               504-310-7719

Ms. Paige Austin
Mr. Philip Jordan Axt
Mr. William Francis Cole
Ms. Laura Flores-Perilla
Mr. Thomas Elliot Gaiser
Mr. Brandon Galli-Graves
Mr. Garrett M. Greene
Mr. Alan M. Hurst
Ms. Hillary Li
Mr. David O'Toole
Mr. Stephen John Petrany
Ms. Lanora Christine Pettit
Mr. Erez Reuveni
Ms. Vanessa Rivas-Bernardy
Mr. Harold A. Solis
Ms. Esther Sung
Ms. Karen Cassandra Tumlin
Mr. Ryan Daniel Walters
Mr. Eric Harris Wessan
Mr. Michael Zarian

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2024

Lyle W. Cayce
Clerk

No. 24-40571

STATE OF TEXAS; STATE OF ALABAMA; STATE OF ARKANSAS;
STATE OF FLORIDA; STATE OF GEORGIA; STATE OF IOWA;
STATE OF KANSAS; STATE OF LOUISIANA; STATE OF MISSOURI;
STATE OF NORTH DAKOTA; STATE OF OHIO; STATE OF SOUTH
CAROLINA; STATE OF SOUTH DAKOTA; STATE OF TENNESSEE;
STATE OF WYOMING; STATE OF IDAHO,

*Plaintiffs—Appellees*,

*versus*

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
ALEJANDRO MAYORKAS, *in his official capacity as Secretary for DHS*;
UR MENDOZA JADDOU, *in her official capacity as Director of USCIS*;
TROY MILLER, *in his official capacity as the Acting Commissioner of CBP*;
PATRICK J. LECHLEITER,
*in his official capacity as the Acting Director of ICE*;
OFFICE OF MANAGEMENT AND BUDGET; SHALANDA YOUNG,
*in her official capacity as the Director of the Office of Management and Budget*,

*Defendants—Appellees*,

OSCAR SILVA PEREZ; NATALIE TAYLOR; SALVADOR DOE;
JUSTIN DOE; CARMEN MIRANDA ZAYAS;
RICARDO OCAMPO HERNANDEZ; JESSIKA OCAMPO HERNANDEZ;
FODAY TURAY; JAXHIEL TURAY;
GENARO VICENCIO PALOMINO; CINDY SIQUEIROS MADUENA;
COALITION FOR HUMANE IMMIGRANT RIGHTS,

*Movants—Appellants*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:24-CV-306

---

## UNPUBLISHED ORDER

The administrative panel has expedited the appeal and has established a briefing schedule. This merits panel has set oral argument for October 10, 2024. The district court has entered an administrative stay, expiring September 23, of the defendants' proposed action and has set a hearing and possible trial for September 18.

Meaning no criticism of the district court's recognition of the need for prompt resolution, this panel must have an opportunity to consider the merits briefs, scheduled to be received by September 16, and to hear argument on the appeal of the denial of intervention. Accordingly, we administratively STAY proceedings in the district court pending a decision on the merits or other order of this court. The stay issued by the district court will remain in effect pending further order of this court.

Nothing in this order is to be construed as a comment on the merits of the instant appeal, regarding intervention, or on the underlying merits of the litigation.

LYLE W. CAYCE, *Clerk*
United States Court of Appeals
for the Fifth Circuit
/s/ Lyle W. Cayce

### ENTERED AT THE DIRECTION OF THE COURT

# Exhibit 4

October 4, 2024 Case Management Order in the District Court Extending Administrative Stay Until November 8, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00306

———

**State of Texas et al.,**
*Plaintiffs,*

v.

**United States Department of Homeland Security et al.,**
*Defendants.*

———

**ORDER**

On September 11, 2024, the court of appeals issued an order staying proceedings in this court and extending this court's stay of the issuance of parole under the agency rule challenged in this case, to allow the court of appeals time to consider an appeal from this court's order denying a motion to intervene. Doc. 68, *Texas v. DHS*, No. 24-40571 (5th Cir.). Earlier today, the court of appeals entered a judgment affirming this court's denial of intervention; the mandate has not yet issued. Doc. 112, *id.* More importantly for purposes of case management in this court, the court of appeals vacated its stay order of September 11, 2024. Doc. 111, *id.* That vacatur lifts the stay of proceedings in this court.

With the stay of proceedings here now lifted, this court now issues the following case-management order:

- Because the previously ordered period of early discovery had not yet expired when the court of appeals stayed proceedings in this court, a further discovery period is now open. As before, the notice and response periods under Federal Rules of Civil Procedure 27–36 are shortened to 3 calendar days. The parties are ordered to immediately meet and confer and reach all necessary agreements to complete discovery by **October 11, 2024**, when this additional discovery period closes.

- The court reissues notice that trial on the merits and attendant motions for summary judgment will be advanced

- 1 -

and consolidated with the hearing on plaintiffs' pending motion for a preliminary injunction. *See* Doc. 27 at 8; Fed. R. Civ. P. 65(a)(2). For purposes of this order, all plaintiffs are a "side," and all defendants are a "side."

- By **October 18, 2024**, each side must file, in one document, (1) a trial brief explaining its position on the legal and factual issues in the case; (2) any motion for summary judgment, if that relief is sought, and if so, Local Rule CV-56 statements; and (3) by plaintiffs only, updated briefing on their motion for a preliminary injunction, which will replace and update their current motion briefing. That filing may not exceed 70 pages, excluding attachments. *See* Doc. 4 (order on format of filings).

- By **October 25, 2024**, each side's response to the other side's combined trial brief, motion for summary judgment (if any), and motion for a preliminary injunction (by plaintiffs) must be filed in a single document. That filing may not exceed 70 pages, excluding attachments.

- The movants who were previously granted leave to file an amicus curiae brief, *see* Doc. 51, 53, are again granted leave to file an amicus curiae brief. That brief is due by **October 25, 2024**. It may not exceed 45 pages.

- By **October 30, 2024**, each side may file a combined reply to the other side's response and to any amicus brief. That filing may not exceed 25 pages, excluding attachments.

- The parties shall confer on how to exchange exhibits before trial and on the admissibility of each exhibit. Each side must file an exhibit list, a witness list, and a notice of its requested time for the presentation of evidence. Those filings are due by **November 1, 2024**. A party may not present exhibits or witnesses not on its list. Each side's exhibit list must note the presence or absence of agreement by the other side to each exhibit's admissibility.

- After review of each side's notice of requested time, which is not binding on the court, the court will follow its

standard practice of judging the appropriate time limit and announcing that time limit for each side's presentation of the evidence at trial. That single time limit governs the admission of all exhibits and all direct and cross examination of witnesses. All argument time on an evidentiary objection is counted against the loser of the objection.

- The consolidated hearing on pending motions, and if necessary bench trial to resolve factual issues, is set to begin on **November 5, 2024**, at 9:00 a.m. in the federal courthouse in Tyler, Texas. After receiving all evidence, the court will hear oral argument on the facts and the law.

For the reasons given in the court's prior orders, this court's temporary stay and restraining order is reimposed with the same terms. *See* Docs. 27, 54. Given the accelerated case schedule ordered above, that temporary stay and restraining order expires on **November 8, 2024**. This accelerated timeline and procedure should allow for the prompt resolution of this case while avoiding, with the least burden possible under the circumstances, an irreparable change in the status quo that would foreclose the court's ability to issue full relief.

*So ordered by the court on October 4, 2024.*

J. CAMPBELL BARKER
United States District Judge

- 3 -