No. 24-40671
_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

IN RE OSCAR SILVA PEREZ, NATALIE TAYLOR, COALITION FOR HUMANE IMMIGRANT RIGHTS, JUSTIN DOE, SALVADOR DOE, CINDY MADUENA, JESSIKA OCAMPO HERNANDEZ, RICARDO OCAMPO HERNANDEZ, GENARO PALOMINO, FODAY TURAY, JAXHIEL TURAY, AND CARMEN ZAYAS

_____

Original Proceeding from the United States District Court
for the Eastern District of Texas, Tyler Division
Case No. 6:24-cv-0306

_____

## PETITIONERS' EMERGENCY MOTION FOR STAY OF DISTRICT COURT'S "ADMINISTRATIVE STAY"

_____

*Esther H. Sung, Karen C. Tumlin, Hillary Li, Laura Flores-Perilla, Brandon Galli-Graves*
*Justice Action Center*
*P.O. Box 27280*
*Los Angeles, CA 90027*
*(323) 450-7272*

*Paige Austin, Harold A. Solis*
*Make the Road New York*
*301 Grove St.*
*Brooklyn, NY 11237*
*(718) 418-7690*

*Counsel for Petitioners*

# LIST OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Respondents: | Respondent's Counsel: |
|---|---|
| Honorable John Campbell Barker, U.S. District Court for the Eastern District of Texas, Tyler Division | |
| State of Texas<br>    State Respondent | Lanora Pettit<br>Ryan Walters<br>William Cole<br>Garrett Greene<br>Office of the Texas Attorney General<br>Austin, TX |
| State of Alabama<br>    State Respondent | Alan Hurst<br>Idaho Office of the Attorney General Boise, ID |
| State of Arkansas<br>    State Respondent | Alan Hurst<br>Idaho Office of the Attorney General<br>Boise, ID |
| State of Florida<br>    State Respondent | Alan Hurst<br>Idaho Office of the Attorney General<br>Boise, ID |
| State of Georgia<br>    State Respondent | Stephen Petrany<br>Georgia Department of Law<br>Atlanta, GA |

| | |
|---|---|
| State of Idaho<br>    State Respondent | Alan Hurst<br>Michael Zarian<br>Idaho Office of the Attorney General<br>Boise, ID |
| State of Iowa<br>    State Respondent | Eric Wessan<br>Iowa Department of Justice<br>Des Moines, IA<br><br>Alan Hurst<br>Idaho Office of the Attorney General<br>Boise, ID |
| State of Kansas<br>    State Respondent | Alan Hurst<br>Idaho Office of the Attorney General<br>Boise, ID |
| State of Louisiana<br>    State Respondent | Alan Hurst<br>Idaho Office of the Attorney General<br>Boise, ID |
| State of Missouri<br>    State Respondent | Alan Hurst<br>Idaho Office of the Attorney General<br>Boise, ID |
| State of North Dakota<br>    State Respondent | Philip Axt<br>North Dakota Office of the Attorney General<br>Bismarck, ND<br><br>Alan Hurst<br>Idaho Office of the Attorney General<br>Boise, ID |
| State of Ohio<br>    State Respondent | Thomas Gaiser<br>Office of the Attorney General |

|  | Columbus, OH |
|---|---|
| State of South Carolina<br>  State Respondent | Alan Hurst<br>Idaho Office of the Attorney General<br>Boise, ID |
| State of South Dakota<br>  State Respondent | Alan Hurst<br>Idaho Office of the Attorney General<br>Boise, ID |
| State of Tennessee<br>  State Respondent | Alan Hurst<br>Idaho Office of the Attorney General<br>Boise, ID |
| State of Wyoming<br>  State Respondent | Alan Hurst<br>Idaho Office of the Attorney General<br>Boise, ID |
| United States Department of Homeland Security<br>Alejandro Mayorkas<br>Ur Mendoza Jaddou<br>Troy Miller<br>Patrick J. Lechleiter<br>Office of Management and Budget<br>Shalanda Young<br>  Federal Respondent | Erez Reuveni<br>Office of Immigration Litigation, Department of Justice<br>Washington, DC |
| Oscar Silva Perez<br>Natalie Taylor<br>Salvador Doe<br>Justin Doe<br>Carmen Miranda Zayas<br>Ricardo Ocampo Hernandez<br>Jessika Ocampo Hernandez<br>Foday Turay<br>Jaxhiel Turay<br>Genaro Vicencio Palomino | Esther H. Sung<br>Karen C. Tumlin<br>Hillary Li<br>Laura Flores-Perilla<br>Brandon Galli-Graves<br>Justice Action Center<br>Los Angeles, CA<br><br>Paige Austin<br>Harold A. Solis |

| | |
|---|---|
| Cindy Siqueiros Maduena<br>Coalition for Humane Immigrant Rights<br>     Petitioners | Make the Road New York<br>Brooklyn, NY |
| **Other Interested Parties**<br>Approximately 500,000 noncitizen spouses and 50,000 noncitizen stepchildren of U.S. citizens may meet the requirements to request parole in place under this process. | |

**FACTUAL BACKGROUND AND NATURE OF EMERGENCY**

The factual background to this matter is set forth more fully in the petition for a writ of mandamus filed concurrently with this motion. *See* Petition for Writ of Mandamus ("Pet."), ECF No. 1. **Petitioners respectfully request this Court adjudicate this motion for a stay of the district court's "administrative stay" of Keeping Families Together no later than Thursday, October 17, so that Petitioners can seek further relief if necessary.** Once the district court's "administrative stay" is stayed, the Petition can be adjudicated in the normal course.

Petitioners are a nonprofit membership organization and eleven individuals[1] who would benefit from the Keeping Families Together ("KFT") parole process challenged by the State of Texas in the underlying litigation, in which Petitioners have been unsuccessful in intervening as defendants. KFT was announced in June and opened in mid-August for a week, but except for a ninety-minute period on the evening of October

---

[1] Petitioners are Oscar Silva Perez, Natalie Taylor, Salvador Doe, Justin Doe, Carmen M. Miranda Zayas, Ricardo Ocampo Hernandez, Jessika Ocampo Hernandez, Foday Turay, Jaxhiel Turay, Genaro Vicencio Palomino, Cindy Siqueiros Maduena, and the Coalition for Humane Immigrant Rights ("CHIRLA"), on behalf of its 50,000 members.

4, it has been subject to a series of injunctions (erroneously mislabeled "administrative stays") issued outside of Rule 65; without any consideration of the factors that are supposed to guide the courts' exercise of equitable authority; and without regard to Texas's lack of standing and the court's concomitant lack of Article III jurisdiction.[2]

The most recent of the district court's otherwise unprecedented "administrative stay" orders was issued late on Friday, October 4, approximately ninety minutes after this Court vacated its extension of a prior district court "stay."[3] *See* Pet., Ex. 4, ECF No. 1; Pet. at 7-8. The district court has justified its "administrative stays" with its concern that, should Texas succeed in its suit, the court may not be able to grant Texas "full relief" because, by then, some of Texas's longtime undocumented residents closely related to U.S citizens and statutorily eligible for green cards may have already received parole through the

---

[2] Although other states are listed as plaintiffs in the Complaint, they have since stipulated that only Texas will seek to prove standing or irreparable injury in this litigation. *See* Joint Notice of Stipulation, Case No. 6:24-cv-00306-JCB (E.D. Tex. Aug. 29, 2024), ECF No. 36.

[3] Like its other "administrative stays," the district court's October 4 order was issued *sua sponte*, without any filing or requested action from the parties. This Court's vacatur of its prior extension was not reported on the district court's docket.

KFT process. Pet., Ex. 1 at 5, ECF No. 1 ("[P]reserving the court's ability to grant full relief to plaintiffs (or as full as is practicable at this time) seems to require enjoining the agency from granting parole under the rule's process" because the court "does not presently perceive how to practicably unwind parole once issued"); Pet., Ex. 2 at 5, ECF No. 1 ("[F]or the reasons noted in the court's prior order, an unlawful grant of parole strikes the court as very difficult to unwind after the fact"); Pet., Ex. 4 at 3, ECF No. 1 (referring to this possibility as "an irreparable change in the status quo").

The district court's "administrative stays" have been issued *sua sponte*, without responsive briefing or argument on Texas's motion, and the district court itself also came up with the "irreversibility" of parole (Pet., Ex. 1 at 5, ECF No. 1) justification for those stays, rather than any party.[4] By its terms, the district court's latest injunction will last at least

---

[4] The district court judge's "irreversibility" concern may well be a product of the court's previous experience representing the State of Texas (as an employee of the Texas Attorney General's Office) in litigation related to deferred action for otherwise undocumented immigrants. *See* Andrew Kreighbaum & Suzanne Monyak, *Judge's Past Red-State Advocacy Shadows Big Immigration Case*, BLOOMBERG LAW, Sept. 6, 2024, https://news.btloomberglaw.com/daily-labor-report/judges-past-red-state-advocacy-shadows-big-immigration-case; *compare Texas v. United*

3

thirty-five days, through Tuesday, November 8—a few days after Election Day—which would be the seventy-fourth consecutive day that KFT parole will have been "administratively" (and illegally) enjoined.

Texas opposes the relief requested and intends to file an opposition. Petitioners reached out to Federal Respondents for their position on this motion, but Federal Respondents did not provide a position before this motion was filed.

## ARGUMENT & AUTHORITIES

Petitioners respectfully move this Court for a stay of the district court's "administrative stay" enjoining the KFT parole process. Pet., Ex. 4, ECF No. 1. This Court has authority under the All Writs Act, 28 U.S.C. § 1651, to issue a stay pending its resolution of the mandamus petition. Moreover, such a stay is amply warranted given how clearly the district court has exceeded its jurisdiction and proper role, as well

---

*States*, 328 F. Supp. 3d 662, 742 (S.D. Tex. 2018) (Hanen, J.) (denying Texas's motion for a preliminary injunction of the Deferred Action for Childhood Arrivals (DACA) program as contrary to the public interest in light of the hardship it would inflict on DACA recipients, explaining that, "one cannot unscramble the egg," and "[h]ere, the egg has been scrambled" in light of recipients' "reliance interests" (citation omitted)); *with* Pet., Ex. 1 at 5, ECF No. 1 ("[T]he court does not presently perceive how to practically unwind parole once issued to an alien, given that the grant of that benefit occasions reliance interests . . . .").

4

as the ongoing harm being needlessly inflicted on families across the country, the rule of law, and the public legitimacy of the federal judiciary and its ability and willingness to dispense justice in an evenhanded manner, without regard to the identity of the parties or the politicization of the subject matter.

## I. THIS COURT HAS AUTHORITY TO STAY THE DISTRICT COURT'S "ADMINISTRATIVE STAY"

Petitioners seek mandamus relief pursuant to the All Writs Act, 28 U.S.C. § 1651, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Under the All Writs Act, this Court has the authority to enter an emergency stay pending final disposition of this mandamus petition.

Because a petition for a writ of mandamus is an original action, Rule 8, which governs motions for stays pending appeal, does not apply. *Compare* Fed. R. App. P. Title II ("Appeal from a Judgment or Order of a District Court," including Rule 8) *with id*. Title V ("Extraordinary Writs," including rule governing mandamus). There is therefore no requirement that Petitioners first seek a stay in the district court

pursuant to Rule 8(a)(1). Even if Rule 8 did apply, "moving first in the district court would be impracticable" in the circumstances here. Fed. R. App. P. 8(a)(2)(A)(i). Despite their considerable efforts, Petitioners have been denied the opportunity to intervene as defendants in the underlying litigation, and therefore cannot appeal the district court's "administrative stay" order.

## II. AN EMERGENCY STAY IS AMPLY WARRANTED HERE

A stay of the district court's "administrative stay" enjoining the full implementation of the KFT parole process is amply warranted in this case. The Court considers four factors in deciding whether to grant a stay pending disposition of the merits:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Texas v. United States*, 787 F.3d 733, 746-47 (5th Cir. 2015) (internal quotation marks omitted). These factors substantially overlap with the mandamus merits analysis.

### 1. Petitioners are likely to succeed on the merits.

Petitioners have filed a mandamus petition setting out in full the

explanation for why the writ should issue. *See* Pet., ECF No. 1. The long and short of it is that the district court has enjoined the implementation of the KFT parole process without regard to Texas's lack of standing, the court's lack of jurisdiction, or the four factors governing the exercise of equitable relief. Although the district court has called its injunction an "administrative stay," there is no dispute that its order "enjoin[s]" the defendants and is backed by the coercive power of the court. *See* Pet., Ex. 1 at 5, ECF No. 1 (stating that the difficulty in unwinding grants of parole "require[s] enjoining the agency"). That reality makes the "administrative stay" an injunction, notwithstanding its label. *See Nken v. Holder*, 556 U.S. 418, 428 (2009) (distinguishing courts' inherent authority to issue what is properly called a "stay," which "operates on [a] judicial proceeding itself," and an injunction, which "governs [a] party's conduct"). The district court has not and seemingly cannot cite a single example of a district court issuing a remotely comparable order.

What is more, the district court's justification for the injunction—the possibility that it would be unable to grant Texas "full relief" if it succeeds in its suit, Pet., Ex. 1 at 5, ECF No. 1—does not logically or legally justify issuing the extraordinary remedy of an injunction without

7

regard to the basic requirements of such relief. Nor does (or can) the district court's proffered explanation justify its continued, deliberate avoidance of deciding whether it even has jurisdiction in the first place.

**2. Petitioners and others are irreparably injured by the unlawful injunction of the KFT parole process.**

As set forth in the mandamus petition, the district court's order inflicts widespread harm on those who *should* be benefitting right now from the KFT parole process, including Petitioners and others across the country. The harms Petitioners are suffering—continued, unnecessary uncertainty; trauma and expense for them and their families; and, for the noncitizen Petitioners, additional needless delays in accessing green cards for which they are already statutorily eligible—is both certain and unquestionably irreparable, as they cannot be remedied with money, even assuming such a remedy were available (and it of course is not). *See Rest. L. Ctr. v. U.S. Dep't of Lab.*, 66 F.4th 593, 597 (5th Cir. 2023) ("Even purely economic costs may count as irreparable harm where they cannot be recovered in the ordinary course of litigation.") (internal quotation marks omitted).

The district court's injunction also irreparably injures Federal Respondents—the duly elected government of the United States of

America—who are being forced to comply with that unlawful order, in the same way that a regulated entity is irreparably injured when it incurs unrecoverable costs complying with an invalid regulation. *See id.* ("Under our precedent, the nonrecoverable costs of complying with a putatively invalid regulation typically constitute irreparable harm."); *accord Texas v. EPA*, 829 F.3d 405, 433 (5th Cir. 2016) ("Indeed complying with a regulation later held invalid almost *always* produces the irreparable harm of nonrecoverable compliance costs.") (internal quotation marks omitted).

Finally, and respectfully, the district court's ongoing, flagrant disregard for the Rules of Civil Procedure, Article III, and its "properly limited" role in our constitutional system, *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024), inflicts ongoing irreparable injury to the public's faith in the legitimacy of the federal judiciary and its ability to fairly resolve even politically charged legal disputes.

### 3. Texas will not be injured by a stay.

There is no basis to believe that a stay of the district court's injunction will injure Texas, either substantively or procedurally.

9

Substantively, Texas has yet to even articulate a coherent theory for how it could be injured when some of its longtime undocumented residents receive parole, much less proven it.[5] And procedurally, Texas cannot complain about a stay of an "administrative stay" that it never even requested. To the contrary, Texas has already unjustly benefited from the district court's actions, receiving precisely the ultimate relief it seeks without having to prove its entitlement to that relief. And Texas has not even been required to defend the district court's actions—the district court not only acted *sua sponte* all three times that it has imposed, extended, and reinstated the "administrative stay," but it also denied Federal Respondents' motion to vacate that injunction without even waiting for Texas to respond.

### 4. The public interest strongly militates for a stay.

The public interest in this case uniformly argues in favor of a stay for the reasons Petitioners have outlined at length at the district court,

---

[5] To be eligible for KFT, noncitizens married to U.S. citizens must have been present in the United States for at least a decade, and on average they have been in this country for twenty-three years. *Fact Sheet: DHS Announces New Process to Promote the Unity and Stability of Families*, U.S. DEP. OF HOMELAND SEC. (June 17, 2024), https://www.dhs.gov/news/2024/06/17/fact-sheet-dhs-announces-new-process-promote-unity-and-stability-families.

*e.g.*, *Texas v. Dep't of Homeland Security*, No. 6:24-cv-00306-JCB (E.D. Tex. Sep. 4, 2024), ECF No. 52 at 16-20, as well as before this Court, *Texas v. Dep't of Homeland Sec.*, No. 24-40571 (5th Cir. Sep. 19, 2024), ECF No. 91 at 27-31.

First, there is a keen public interest in courts rigorously and impartially applying the threshold requirement that movants establish standing to sue before issuing injunctive relief altering the lives of hundreds of thousands of U.S. residents across the country. *Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017) ("[P]laintiffs must make a clear showing that they have standing to maintain the preliminary injunction.") (internal quotations omitted); *All. for Hippocratic Med.*, 602 U.S. at 397. The same public interest lies in courts strictly following well-established procedures and requirements for granting the kind of sweeping equitable relief the district court issued here, while forgoing judicial escapades that usurp power from the executive to the courts. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) ("[T]he public is served when the law is followed.").

Second, the stay of Keeping Families Together frustrates Congress's intent in making immigrant visas for the spouses of U.S. citizens

immediately available and providing DHS with broad parole authority. *See Texas v. Dep't of Homeland Security*, No. 6:24-cv-00306-JCB (E.D. Tex. Sep. 4, 2024), ECF No. 52 at 18-19.

Finally, out of the fifty states comprising this country, only fifteen have brought suit—fourteen of which have stated explicitly that they will make no effort to demonstrate their standing. *Texas v. Dep't of Homeland Security*, No. 6:24-cv-00306-JCB (E.D. Tex. Aug. 29, 2024), ECF No. 36 at 1. Meanwhile, thirty-four other states have *not* brought suit and ostensibly have no qualms with Keeping Families Together. It would be a gross miscarriage of justice to allow an illegal "administrative stay" to continue foreclosing vital access to KFT to eligible residents of those states, as well as the resultant economic benefits to the states themselves. *See, e.g.*, *Texas v. Dep't of Homeland Security*, No. 6:24-cv-00306-JCB (E.D. Tex. Sep. 2, 2024), ECF No. 44 at 5.

## CONCLUSION

For the reasons above, Petitioners respectfully request that the Court stay the district court's "administrative stay" pending resolution of the petition for a writ of mandamus in this matter.

I certify that the facts supporting emergency consideration of the

motion are true and complete.

Dated: October 11, 2024

Respectfully submitted,

*/s/ Esther H. Sung*
Esther H. Sung
Karen C. Tumlin
Hillary Li*
Laura Flores-Perilla
Brandon Galli-Graves
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
Facsimile: (323) 450-7276

Paige Austin
Harold A. Solis
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
Telephone: (718) 418-7690
Facsimile: (866) 420-9169

* *application for admission forthcoming*

*Counsel for Movants-Petitioners*

13

# CERTIFICATE OF SERVICE

    I, Esther H. Sung, hereby certify that on October 11, 2024, I caused the foregoing Motion to Expedite of to be electronically filed with the clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit via the CM/ECF system, which will send a notice of this filing to counsel for State Respondents and Federal Respondents.

                                       */s/ Esther H. Sung*
                                         Esther H. Sung
                                         Justice Action Center
                                         P.O. Box 27280
                                         Los Angeles, CA 90027
                                         Telephone: (323) 450-7272

                                         *Counsel for Movants-Appellants*

# CERTIFICATE OF COMPLIANCE
# WITH LENGTH LIMITATION, TYPEFACE REQUIREMENTS,
# AND TYPE STYLE REQUIREMENTS

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify the following:

1. The foregoing brief complies with the length limitations of Rule 27(d)(2)(A). The brief contains 2,543 words according to the Microsoft Word word-counting function, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. The foregoing brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times Century Schoolbook type style.

Dated: October 11, 2024

*/s/ Esther H. Sung*
Esther H. Sung
Justice Action Center
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272

*Counsel for Movants-Appellants*