No. 24-40671
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

IN RE OSCAR SILVA PEREZ, NATALIE TAYLOR, COALITION FOR HUMANE IMMIGRANT RIGHTS, JUSTIN DOE, SALVADOR DOE, CINDY MADUENA, JESSIKA OCAMPO HERNANDEZ, RICARDO OCAMPO HERNANDEZ, GENARO PALOMINO, FODAY TURAY, JAXHIEL TURAY, AND CARMEN ZAYAS

_____

Original Proceeding from the United States District Court
for the Eastern District of Texas, Tyler Division
Case No. 6:24-cv-0306

_____

## PETITIONERS' REPLY TO FEDERAL GOVERNMENT'S RESPONSE TO THEIR EMERGENCY MOTION FOR STAY OF DISTRICT COURT'S "ADMINISTRATIVE STAY"

_____

*Esther H. Sung, Karen C. Tumlin, Hillary Li, Laura Flores-Perilla, Brandon Galli-Graves*
*Justice Action Center*
*P.O. Box 27280*
*Los Angeles, CA 90027*
*(323) 450-7272*

*Paige Austin, Harold A. Solis*
*Make the Road New York*
*301 Grove St.*
*Brooklyn, NY 11237*
*(718) 418-7690*

*Counsel for Petitioners*

## INTRODUCTION

Federal Respondents agree with Petitioners that the lower court order halting Keeping Families Together parole "flouts" the federal rules and this Court's binding precedent. Federal Government's Response to Petitioners' Emergency Motion for Stay of District Court's Order ("Fed. Resp."), Dkt. 43 at 3-4, 14, 15-19. Their objection to Petitioners' emergency motion is the bald assertion that nonparties have no right to seek mandamus relief. But Federal Respondents do not, and cannot, cite any authority for this proposition, which has no basis in the law; for that reason, Federal Respondents must rely on policy arguments. Regardless, that issue need not be decided in the posture of the pending motion, since (even if true) it does not affect this Court's jurisdiction, its authority to stay the district court's injunction, or the need to do so. Whatever its ultimate disposition of Petitioners' petition for a writ of mandamus, this Court should exercise its responsibility to supervise and "correct evident errors" of the district court, *United States v. Denson*, 603 F.2d 1143, 1147 (5th Cir. 1979) (cleaned up), by immediately staying its order, which both Petitioners and Federal Respondents agree is unlawful.

1.      Federal Respondents offer no support for their claim that a nonparty cannot petition for a writ of mandamus—and in fact they concede that mandamus relief is appropriate in circumstances where a nonparty is directly impacted by a district court order. Fed. Resp. at 11. Given the unprecedented nature of the district court's *de facto* injunction, which will run for at least 74 days under the district court's most recent order, this is one of those instances where nonparty mandamus relief is necessary. In any event, nonparties directly impacted by litigation can and regularly do seek mandamus relief. *See, e.g.*, *United States v. Monzel*, 641 F.3d 528, 534, 541, 544 (D.C. Cir. 2011) (finding that because the nonparty had no recourse to appeal, despite her "direct interest in the district court's [] order," the nonparty's only recourse was via mandamus).[1] And as Federal Respondents note, this Court has countenanced that practice. Fed. Resp. at 11 (*citing Castillo v. Cameron Cty., Tex.*, 238 F.3d 339, 349 n.16 (5th Cir. 2001)). But regardless, this Court need not, and should not, decide that issue on this posture.

---

[1] Moreover, as noted in the initial petition, even as *parties*, Petitioners would not have adequate remedy because the district court order is ostensibly unappealable. Pet. at 14-16.

2.	Federal Respondents next espouse a policy concern that granting Petitioners' motion is a bad idea—even though Petitioners are plainly injured by the unlawful order that the federal government has chosen to take laying down—suggesting that doing so in the *sui generis* circumstances would somehow open floodgates. But this hand wringing fails to conjure up any actual problem. A successful mandamus petition does not render intervention "superfluous," Fed. Resp. at 10, nor does it (or can it) wrest control over the underlying proceedings from the parties. Here, Petitioners request only a stay of the lower court's unlawful order that Federal Defendants agree is unlawful.

3.	Federal Respondents complain of their fear about ceding authority to render "considered decisions" in litigation if Petitioners' stay request is granted. But they once again cite no authority to show that this Court can or should give credence to this speculative fear. More confusingly, Federal Respondents agree with Petitioners that the "administrative stay" Petitioners seek to stay is an "unprecedented use of a federal court's equitable powers [] at odds with fundamental principles governing equitable relief." Fed. Resp. at 4. Petitioners' motion is admittedly unusual, but that reflects the unprecedented proceedings

3

taking place in the district court—and the latter is the anomaly this court has the authority and responsibility to address.

4. Even if this Court accepts Federal Respondents' unsupported contention regarding nonparties' ability to obtain mandamus relief, that conclusion would pose no impediment to this Court exercising its authority and responsibility to stay the district court's unlawful injunction. It certainly would not have jurisdictional consequences; nor would it affect this Court's authority under the All Writs Act, even if it ultimately denies the mandamus petition. *See, e.g.*, *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 348 (5th Cir. 2017) (denying mandamus but directing the district court to vacate its prior order).

## CONCLUSION

Petitioners respectfully request that the Court stay the district court's unlawful ruling so that this litigation can proceed under the generally applicable rules that govern civil litigation in the federal courts, including disputes between the State of Texas and the Biden Administration regarding immigration policy.

Dated: October 15, 2024

Respectfully submitted,

*/s/ Esther H. Sung*
Esther H. Sung
Karen C. Tumlin
Hillary Li
Laura Flores-Perilla
Brandon Galli-Graves
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
Facsimile: (323) 450-7276

Paige Austin
Harold A. Solis
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
Telephone: (718) 418-7690
Facsimile: (866) 420-9169

*Counsel for Movants-Petitioners*

## CERTIFICATE OF SERVICE

    I, Esther H. Sung, hereby certify that on October 15, 2024, I caused the foregoing to be electronically filed with the clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit via the CM/ECF system, which will send a notice of this filing to counsel for the parties.

<u>/s/ Esther H. Sung</u><br>
Esther H. Sung<br>
Justice Action Center<br>
P.O. Box 27280<br>
Los Angeles, CA 90027<br>
Telephone: (323) 450-7272<br>
<br>
<i>Counsel for Movants-Petitioners</i>

# CERTIFICATE OF COMPLIANCE
# WITH LENGTH LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

I hereby certify the following:

1. The foregoing complies with the length limitations of Rule 27(d)(2)(C). It contains 757 words according to the Microsoft Word word-counting function, excluding the exempt provisions.

2. The foregoing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). It has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times Century Schoolbook type style.

Dated: October 15, 2024

*/s/ Esther H. Sung*
Esther H. Sung
Justice Action Center
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272

*Counsel for Movants-Appellants*